UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KELLEY J. S., <br><br>              Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | CASE NO. 3:24-CV-5120-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI") and disability insurance benefits ("DIB").[1] The parties agree the Administrative Law Judge ("ALJ") committed reversible error and this matter should be remanded. The parties dispute whether this matter should be remanded for an award of benefits or for further administrative proceedings. After consideration the record, the Court finds there are no outstanding issues that must be resolved and Plaintiff would be find disabled from August 1, 2016 through April 30, 2018, if the rejected

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

evidence was credited as true. Further, exceptional circumstances require a remand for an award of benefits. Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security for an immediate award of benefits.

I.    **Factual and Procedural History**

On March 30, 2015, Plaintiff filed applications for SSI and DIB, alleging disability beginning March 30, 2015. *See* Dkt. 9, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. After holding an administrative hearing, ALJ Marilyn S. Mauer issued a decision on November 3, 2017 finding Plaintiff not disabled. *See* AR 15-24. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff appealed to the United States District Court for the Western District of Washington ("District Court"); the District Court remanded the case to the Commissioner for further proceedings. AR 694-709. On remand from the District Court, the Appeals Council vacated the November 2017 decision and remanded the case to ALJ Mauer for further proceedings. *See* AR 712. ALJ Mauer held an additional administrative hearing and, on April 6, 2020, issued a decision finding Plaintiff not disabled from March 30, 2015 through April 30, 2018. *See* AR 639-50. The Appeals Council denied Plaintiff's request for review and Plaintiff again appealed this matter to the District Court. AR 1004-07, 1011-13. On appeal to the District Court, the Commissioner conceded the ALJ erred and the parties entered a stipulated remand. AR 1015-18.

On the second remand from the District Court, the April 2020 ALJ decision was vacated and this matter was remanded to a new ALJ, ALJ Allen G. Erickson. *See* AR 890-92, 1026-29.

1  ALJ Erickson held yet another administrative hearing and, on October 16, 2023, found Plaintiff
2  disabled from March 30, 2015 though July 31, 2016. AR 894-913. ALJ Erickson concluded,
3  however, that Plaintiff's disability ended on August 1, 2016 and she did not become disabled
4  again until May 1, 2018.[2] *See* AR 913. Plaintiff now appeals ALJ Erickson's October 2023
5  partially unfavorable decision, which is the final decision of the Commissioner.

      In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the
medical opinion evidence; (2) evaluating Plaintiff's testimony; (3) evaluating the lay witness
testimony; (4) assessing Plaintiff's RFC from August 1, 2016 through April 30, 2018; and (5)
basing the Step Four finding on the erroneous RFC. Dkt. 14. Plaintiff requests the Court remand
this matter for an award of benefits. *Id*.

**II.  Standard of Review**

      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of
social security benefits if the ALJ's findings are based on legal error or not supported by
substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th
Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

**III.  Discussion**

      Plaintiff and Defendant agree the ALJ committed reversible error. Dkts. 14, 18. 19.
Plaintiff argues the case should be remanded for payment of benefits, while Defendant asserts
the case should be remanded for further administrative proceedings. *See* Dkts. 14, 18, 19.

      The Court may remand a case "either for additional evidence and findings or to award
benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court
reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

---

[2] Plaintiff was found disabled beginning May 1, 2018, in subsequently filed claims. *See* AR 894.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

An ALJ's errors are relevant, however, only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

In following the three-step inquiry, the Court finds the "credit-as-true" criteria have been satisfied in this case. First, the parties agree the ALJ committed reversible error and has failed to provide sufficient reasons for rejecting Plaintiff's evidence. Dkts. 14, 18, 19. Second, there are no outstanding issues that must be resolved before a disability determination can be made. Defendant argues that the record is ambiguous; however, Defendant's argument is essentially

1   that there are differing medical opinions regarding the extent of Plaintiff's impairments and
2   limitations. The ALJ had the opportunity to resolve these outstanding issues, but failed to do so.
3   Merely asserting that the record contains differing opinions does not show there are outstanding
4   issues that would be clarified on remand. Rather, the ALJ failed to provide legally sufficient
5   reasons for discounting Plaintiff's evidence and should not be given additional opportunities to
6   do so.

7           Third, it is clear from the record that the ALJ would be required to find the claimant
8   disabled if the rejected evidence is credited as true. For example, Dr. Duc Ngo limited Plaintiff
9   to sedentary work beginning in March of 2015. AR 1203-04. The ALJ, however, limited Plaintiff
10  to light work. *See* AR 909-13. Plaintiff contends that, if she is limited to sedentary work during
11  the period at issue, she is disabled under the Medical-Vocational Guidelines ("the Grids"). Dkt.
12  19 at 8-9 (citing 20 C.F.R. Part 404, Subpart P, App. 2, Rule 201.06 (indicating that a person of
13  advanced age with at least a high school education and no transferable skills is disabled)); *see*
14  *also* AR 907 (finding Plaintiff is of advanced age, has at least a high school education, and no
15  transferrable work skills). Despite an opportunity to respond to this argument, Defendant
16  declined to oppose Plaintiff's position. *See* Dkt. 22 (declining to file surreply after requesting
17  permission to do so). If Dr. Ngo's opinion is credited as true, Plaintiff is limited to sedentary
18  work and is, therefore, disabled. Testimony from a vocational expert regarding the additional
19  limitations opined to by Dr. Ngo is unnecessary. *See Benecke*, 379 F.3d at 595 (remanding for
20  further proceedings when a vocational expert did not answer a hypothetical regarding precise
21  limitations would contribute to waste and delay).

22          Importantly, and in addition to finding all three "credit-as-true" criteria have been
23  satisfied, the Court finds the exceptional facts of this case warrant an award of benefits. As
24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

1  discussed in the procedural background of this case, Plaintiff filed her applications for SSI and
2  DIB in March of 2015. AR 15. Over the last nine years, Plaintiff has appeared at three
3  administrative hearings and an additional supplemental hearing. *See* AR 30-43, 44-68, 657-65,
4  923-56. There have been three ALJ decisions issued by two different ALJs. AR 12-29, 636-56,
5  890-922. Plaintiff's case has been remanded by the United States District Court on two occasions
6  and, in the second District Court appeal, the Commissioner conceded reversable error. AR 694-
7  709, 1011-23. Further, the Commissioner has again conceded the ALJ committed harmful error
8  in the most recent ALJ decision. *See* Dkt. 18.

9        With every remand, the record in the case appears to have become more convoluted with
10 little apparent benefit. Plaintiff was able to file a subsequent claim and be found disabled as of
11 May 1, 2018. This case is now limited to a closed period of less than two years, from August 1,
12 2016 through April 30, 2018. To the extent Plaintiff, Plaintiff's family, and Plaintiff's various
13 medical providers will be asked on remand to testify as to the nature and extent of Plaintiff's
14 limitations, the proceedings would appear to be devoid of any useful purpose. The medical
15 opinions, findings, and statements which would be at issue were rendered many years ago and
16 any subsequent medical developments will have little to no bearing on the limited period of
17 disability at issue in this case. *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (noting a
18 Court may exercise its discretion to remand a case for an award of benefits "where no useful
19 purpose would be served by further administrative proceedings and the record has been
20 thoroughly developed.") (internal citations and quotations omitted).

21       Remanding this case for further proceedings strongly resembles the "'heads we win; tails,
22 let's play again' system of disability benefits adjudication" that has been roundly criticized by
23 the Ninth Circuit. *Benecke*, 379 F.3d at 595. The "credit-as-true" test is a "prophylactic measure
24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

designed to motivate the Commissioner to ensure that . . . testimony will be carefully assessed and its importance recognized," and to justify "equitable concerns" about the length of time that has elapsed since a claimant filed an application. *Treichler*, 775 F.3d at 1100 (internal citations omitted). As the Commissioner acknowledged the ALJ decisions have involved harmful error and failed to rebut Plaintiff's showing that she would be disabled if limited to sedentary work, the Court finds remand for an award of benefits is appropriate. *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (finding exceptional facts warranted benefits where the claimant was 65 years old, had been seeking benefits for over seven years, and had been unable to afford necessary treatment); *Smolen*, 80 F.3d at 1292 (remanding for benefits where the claimant had "already waited over seven years for her disability determination").

In summation, the Court finds the "credit-as-true" test has been satisfied in this case. In addition, the exceptional facts of this case warrant an award of benefits. Accordingly, this case is remanded for an award of benefits.

## IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled from July 1, 2016 through April 30, 2018. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded an immediate award of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 3rd day of October, 2024.

David W. Christel
United States Magistrate Judge